PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 1:17-CR-507 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| CHARLES DAVID SNYDER, ) | |
| ) | **ORDER** |
| Defendant. ) | [Resolving ECF No. 11] |

Pending before the Court is Defendant's Motion for a Bill of Particulars (ECF No. 11). The Government has responded (ECF No. 12), and Defendant has replied (ECF No. 13).

The decision on whether to order a bill of particulars rests within the Court's discretion. *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993) (citation omitted). A bill of particular is a tool to minimize surprise and allow the defendant to obtain the information necessary to prepare a defense. *Id.* (citation omitted). It is not a tool for the defense to obtain a detailed disclosure of all the prosecution's evidence. *Id.* Nor is it a tool the defense can use to obtain the prosecution's legal theories. *United States v. Lawson*, 688 F.Supp. 314, 315 (S.D.Ohio 1987) (citing *United States v. Kilrain*, 566 F.2d 979 (5th Cir.), *cert. denied* 439 U.S. 819 (1978)). A bill of particulars is unnecessary in cases in which the indictment provides sufficient details of the charges and the government provides full discovery to the defense. *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984).

(1:17-CR-507)

In this case, a bill of particulars is unnecessary.  Defendant contends *Mitchell* does not apply because he is seeking discovery from the Government.  *See* ECF No. 10.  In his motion, Defendant seeks specification as to the amounts and dates that he was alleged to have made certain payments, as well as the dates and amounts related to his alleged embezzlement.  ECF No. 11 at PageID #: 44.  The Government contends that Defendant already has this information through Defendant's own records and the Government's production of IRS records reflecting the payments.  ECF No. 12 at PageID #: 54.  In his reply, Defendant states that he is "simply request[ing] the dates and amounts of the alleged partial payments."  ECF No. 13 at PageID #: 61.  Defendant makes no mention of the IRS records.

Because the Government claims that it has already produced the records and Defendant does not dispute that, there is no need for a bill of particulars.  Indeed, requiring the Government to file one would risk forcing the Government to reveal its evidence and theories.  *See United States v. Musick*, 291 F. App'x. 706, 724 (6th Cir. 2008) ("The bill of particulars is not intended asa means of learning the government's evidence and theories.") (internal quotation omitted).

For the foregoing reasons, the Court denies Defendant's motion.

IT IS SO ORDERED.

 March 29, 2018                        */s/ Benita Y. Pearson*
Date                                           Benita Y. Pearson
                                               United States District Judge