IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.:  1:17CR507 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| vs. | ) | **DEFENDANT'S MOTION TO** |
| | ) | **COMPEL DISCOVERY** |
| CHARLES DAVID SNYDER, | ) | |
| | ) | Oral Hearing Respectfully Requested |
| Defendant. | ) | |

Now comes the Accused, Charles David Snyder, by and through undersigned

counsel, and respectfully moves this Honorable Court to issue an Order compelling the

Government to provide undersigned counsel with complete and full discovery in this

matter for the reasons more fully set forth in the Brief in Support, attached hereto and

incorporated herein.

Respectfully Submitted,

/s/ Brian A. Murray
LARRY W. ZUKERMAN, Esq. (0029498)
S. MICHAEL LEAR, Esq. (0041544)
BRIAN A. MURRAY, Esq. (0079741)
Zukerman, Daiker & Lear Co., L.P.A.
3912 Prospect Ave. East
Cleveland, Ohio 44115
(216) 696-0900 telephone
lwz@zukerman-law.com
sml@zukerman-law.com
bam@zukerman-law.com
Co-Counsel for Charles David Snyder

**BRIEF IN SUPPORT**

## I.  STATEMENT OF THE CASE

On December 6, 2017, the Accused was indicted in an eight (8) count Indictment that alleges he committed the following offenses:  1) Willful Failure to Collect, Account for, or Pay Over Employment Tax, in violation of 26 U.S.C. § 7202 (Counts 1-7); and 2) Embezzlement from an Employee Benefit Plan, in violation of 18 U.S.C. § 664 (Count 8).

The Indictment contains a chart for the first seven (7) counts in the Indictment which lists the date of each alleged offense, the calendar quarter for which employment taxes were allegedly not paid, and the approximate amount of the alleged unpaid employment taxes.  The following is a summary of the information contained in said chart as it relates to the corresponding count in the Indictment, the date of offense, and the quarter for which said tax obligations were allegedly not paid:

| Count | On or About Date of Offense | Calendar Quarter Ending |
|---|---|---|
| 1 | April 30, 2010 | March 2010 |
| 2 | July 31, 2010 | June 2010 |
| 3 | October 31, 2010 | September 2010 |
| 4 | April 30, 2012 | March 2012 |
| 5 | July 31, 2012 | June 2012 |
| 6 | October 31, 2012 | September 2012 |
| 7 | January 31, 2013 | December 2012 |

2

Count Eight in the Indictment alleges offense dates of July 31, 2010 through December 19, 2012.

## II.   STATEMENT OF FACTS AS IT RELATES TO COUNTS 1, 3, AND 8 OF THE INDICMENT

It is alleged that the Accused is and/or was the responsible person for Attevo, Inc. It is the Accused's contention that as it relates to Counts 1 and 3 of the Indictment, Attevo, Inc. paid in full the employment tax obligations it owed for the quarters that form the basis of the charges in Counts 1 and 3.  The Accused further contends that after Attevo, Inc. paid said taxes in full, an IRS agent and/or agents, whose identities are unknown to the Accused but known to the Government, misapplied said tax payments by subsequently diverting said payments to other financial obligations owed by Attevo, Inc.

On information and belief, the Government has documents and records in its possession, custody, and/or control that are exculpatory and material to the Accused's defense that he did not willfully fail to pay employment taxes during the first and third quarters of 2010.  The Accused respectfully asserts that the additional IRS records that he has been requesting in discovery will reflect that Attevo, Inc. timely paid its employment taxes in full for the first and third quarters of 2010 and that after said taxes were paid in full, an IRS agent and/or agent applied said payments to other financial obligations owed by Attevo, Inc.

The Accused further asserts that said additional discovery will disclose the names of the IRS agent and/or agents who directed and/or misapplied the funds that Attevo, Inc. specifically designated to be applied as payments for the employment taxes owed for the first and third quarters of 2010.  Additionally, the internal records from the IRS will likely reveal the reasons why the IRS chose not to apply the funds that Attevo, Inc.

specifically designated to be paid towards the employment taxes owed for the first and third quarters of 2010.  Said discovery is clearly exculpatory and material to the Accused's defense that his failure to pay employment taxes during said quarters was not willful.

As it relates to Count Eight, on information and belief, a principal of the company, not the Accused, took out a loan from the employee 401(k) pension plan that constituted a significant portion of the plan's assets during the time period set forth in the Indictment.  On information and belief, the Government is in possession, custody, and/or control of documents and records regarding said loan and have provided aid documents to the Accused in discovery.  The Accused respectfully asserts that documents and records regarding said loan and the names of the individuals who have knowledge regarding said loan should be considered exculpatory and material to the Accused's defense that he did not knowingly embezzle approximately $130,415.75 from an employee benefit plan.

## III.  STATEMENT OF FACTS REGARDING THE DISCOVERY DISPUTE

The parties continue to be engaged in a dispute over whether a list of twelve (12) specific categories of documents and records are exculpatory and/or material to the preparation of the Accused's defense.  While the Government has provided defense counsel with over 41,000 pages of documents in discovery, defense counsel continues to believe that there are additional documents and records in the Government's possession and control that are exculpatory and material to the preparation of the Accused's defense to show that his conduct was not willful, including, but not limited to the following categories of documents and records:

1.  Copies of all subpoenas issued;

2.  Copies of all grand jury testimony;

3.  Copies of all Memorandums of Interviews (MOI's);

4.  Entire Attevo IRS "Archive History Transcript" not just IRS Revenue Officer Evelyn Terry;

5.  IRS "Archive History Transcript" for all related entities, including, but not limited to, Cirric, Ruralogic, Avverrock and Superior Tech Partners;

6.  IRS "Archive History Transcript" for C. David Snyder, including all trust fund penalty investigation materials;

7.  IRS "Archive History Transcript" for Joseph Burmester, including all trust fund penalty investigation materials;

8.  Copies of all DOL notes and internal memoranda related to its investigation of the Attevo/Ruralogic 401(k) Plan;

9.  Copies of all memoranda related to Attevo/Ruralogic 401(k) Plan employee withholdings, deposits and dates corresponding to the same;

10. Copies of all notes and recordings related to DOL civil suit styled as *Thomas E. Perez, Sec. of Labor v. Charles David Snyder, et al.,* Case No.13 cv-2474;

11. Copies of all IRS memoranda and notes related to the transfer of Form 941 designated payments through the EFTPS online payment systems; and

12. Copies of all documents obtained from payroll companies utilized by Attevo and Ruralogic.

Defense counsel has been requesting that the Government provide the above specific, twelve (12) categories of documents since January 26, 2018.  Over the past seven (7) weeks, the Government has engaged in gamesmanship with defense counsel over the existence of the requested documents and records and whether the documents are discoverable.

Initially, the Government responded to defense counsel's request by asking defense counsel to provide it with "authority" for their requests.  This Honorable Court should note that the Government did not advise defense counsel that it did not have possession, custody, and/or control over any of the documents that the Accused was requesting.  Further, based on the fact that the Government was requesting that defense counsel provide "authority" for their requests, this Honorable Court should infer that the Government had the requested records in its possession, custody, and/or control and would consider disclosing said records to defense counsel if defense counsel provided "authority" supporting their requests for said information.

On February 1, 2018, defense counsel provided the Government with "authority" justifying their request for the additional records and documents, and most importantly noting that the requested information "**was material to Snyder's defense**" and had been routinely provided to defense counsel in prior cases.  The Government subsequently responded by advising defense counsel that the "enumerated items were not things routinely provided in Rule 16 discovery . . . ."  This Honorable Court should note that the Government's response again did not deny the existence of the records requested and further conceded that the Government had previously disclosed similar records in other cases.

On March 16, 2018, defense counsel filed a Notice of Request for Discovery in which they again specifically requested that the Government produce the specific, twelve (12) categories of documents that it had been requesting since January 26, 2018.  On April 20, 2010, undersigned counsel entered their appearance as co-counsel in this matter

6

and filed their Notice of Discovery Request which also sought the same, specific, twelve (12) categories of documents that the Government continues to refuse to produce.

On April 10, 2018 the Government filed a "Notice of Compliance With Defendant's Discovery Request."  The Government started out its argument in its Notice of Compliance by stating for the first time "that it has no documents that meet [the Accused's] request" in reference to the specific, twelve (12) categories of documents at issue.[1]  Two sentences later, the Government then claims that it "has disclosed such information" to defense counsel.[2]  Clearly, the Government's assertion that it did not have possession, custody, and/or control of the categories of documents requested by the Accused was entirely inconsistent with its prior responses to defense counsel that it did not believe said records were discoverable.

The Government then set forth an alternative argument to justify its repeated failure to turn over the additional discovery sought by the Accused by claiming that it did not have to disclose said information because the Accused had only requested documents and records that the government intended to use in its case-in-chief and that as the Government did not intend to use the requested records in its case and chief, the information did not need to be disclosed.[3]

The Government then set forth a third argument for its failure to disclose the requested records and documents, by alleging that the Accused either had the information he was requesting or was unentitled to it.[4]  This Honorable Court should note that two (2)

---

[1] Notice of Compliance, Doc #: 17 PageID #: 78
[2] Notice of Compliance, Doc #: 17 PageID #: 78
[3] Notice of Compliance, Doc #: 17 PageID #: 78
[4] Notice of Compliance, Doc #: 17 PageID #: 79

pages after the Government alleged the Accused had the information he was requesting, the Government admitted that "it is unclear" whether the Accused "actually lacks these documents."[5]  The Accused respectfully asserts that if it is "unclear" to the Government as to whether he lacks the documents that be believes are materially and exculpatory to his defense, the Government should be required to provide said documents to him to ensure that his constitutional rights to a fair trial and to due process are protected.

## IV.  LAW AND ARGUMENT

This Honorable Court should compel the Government to disclose the specific, twelve (12) categories of documents requested by the Accused as said documents are exculpatory and material to preparing his defense.

### A.  THE CATEGORIES OF DOCUMENTS REQUESTING IRS, DOL AND OTHER DOCUMENTS SPECIFIED IN REQUESTS NUMBERED 4-12 ARE DISCOVERABLE

This Honorable Court should find that the categories of documents requesting IRS, DOL, and other documents identified in the Accused's requests numbered 4-12 are discoverable and subject to production pursuant to Crim. R. 16.  Said requests seek records that have been found to be discoverable in similar cases in which defendants have been charged with willfully failing to pay over employment taxes.

In *United States v. Kim*, 2010 U.S. Dist. LEXIS 98269, *27-28 (N.D. Cal.), the district court addressed the issue of whether the files, notes, correspondence, and reports of IRS agents, specialists, and managers are discoverable to a defendant who is charged with multiple counts of willfully subscribing false income tax returns and willfully failing to pay over employment taxes.  The district court rejected the Government's argument

---

[5] Notice of Compliance, Doc #: 17 PageID #: 81

that the requested IRS records constituted privileges documents that were not subject to disclosure under Fed. R. Crim. P. 16(a)(2). *Id*. The district court reasoned that the requested IRS records did not constitute "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case" and therefore were subject to production pursuant to Rule 16. *Id*. (citing Fed. R. Crim. P. 16(a)(2)). Upon making said finding, the district court compelled the Government to disclose to the defendant: 1) a copy of the IRS agent's files; 2) all notes made by or transmitted to the IRS fraud referral specialist and group manager; and 3) all correspondence between the defendant and the IRS. *Id*.

The case that the Government relies upon, *United States v. Stein*, 424 F. Supp. 2d 720 (S.D. N.Y. 2006), does not support its argument that the documents requested by the Accused in this matter are not discoverable. In *Stein*, the district court denied the defendants motion to compel discovery of selected IRS records because the files requested by the defendants were not in the possession of the the United States Attorney's and/or the IRS personnel involved in the criminal investigation of the defendants. *Id*. at 723. The district court further noted that there was no evidence that any member of the "prosecution team" reviewed any of the requested materials.

Unlike the Government in *Stein,* in the present matter, the Government does not deny that they are in possession, custody, and/or control of the "12 specific" categories of documents requested by the Accused. Instead, it appears that the Government is in

9

possession of said records and is refusing to disclose them because it believes the

Accused "either already has the information or is unentitled to it."[6]

This Honorable Court should also take note of the one sentence that the

Government purposefully omitted from the block quote that it cited from *Stein* that stated

"the prosecution is … obliged to disclose information known to others acting on the

government's behalf in a particular case." *Id*.  Clearly, the district court's decision in

*Stein* favors the Accused's argument that the records he is requesting in requests 4-12 are

discoverable.  Unlike the defendants in *Stein*, the Accused is not specifically requesting

records that are not in possession of the United States Attorney's office and/or IRS

personnel in the Criminal Investigation Division and/or records that have not been

reviewed by any member of the prosecution team.

### B.  THE ACCUSED SHOULD BE PERMITTED TO DISCOVER COPIES OF ALL MEMORANDUMS OF INTERVIEWS

The Accused respectfully asserts that pursuant to *Brady v. Maryland*, 373

U.S. 83 (1963), evidence favorable to him must be disclosed if it is material to guilt

and/or punishment, including evidence that casts doubt on the credibility of a government

witness if it is material to the outcome of the trial.  "[S]uppression by the prosecution of

evidence favorable to an accused upon request violates due process where the evidence is

material either to guilt or punishment, irrespective of the good faith or bad faith

prosecution." *United States v. Lalley*, 2010 U.S. Dist. LEXIS 106857, *2 (N.J. D.C.).

In *United States v. Starusko*, 729 F.2d 256, 261 (3rd Cir. 1984), the Court of

Appeals found that *Brady* required a prosecutor to turn over an F.B.I. report of a

---

[6] Notice of Compliance, Doc #: 17 PageID #: 81

witness's statement because the statement went to the heart of the defendant's guilt or innocence.

In the present matter, on information and belief, the Government interviewed individuals regarding Counts 1, 3, and 8 of the Indictment.  As the Accused has set forth his defenses to said charges, in that his alleged conduct in said counts cannot be considered willful because:  1) Attevo, Inc. paid the quarterly tax obligations for the 1st and 3rd quarters of 2010; and 2) another principal of the corporation took a loan from the employee 401(k) pension plan that constituted a significant portion of the plan's assets during the time period set forth in the Indictment, it is highly likely that the Government interviewed various individuals regarding the Accused's alleged conduct.  Clearly, any memorandums of interviews that support the Accused's defenses to said charged conduct, must be disclosed prior to trial pursuant to *Brady*, supra.

**C. THE ACCUSED SHOULD BE PERMITTED TO DISCOVER COPIES OF ALL OF THE SUBPOENAS ISSUED BY THE GOVERNMENT AND COPIES OF ALL GRAND JURY TESTIMONY**

The Accused respectfully asserts that he should be entitled to discover copies of all of the subpoenas issued by the government, including but not limited to subpoenas issued in the course of the grand jury investigation because he has established a particularized need to learn the identity of the individuals who testified before the grand jury regarding the offenses charged in Counts 1, 3 and 8 of the Indictment.  As set forth previously, the Accused contends that Attevo, Inc. paid its employment tax obligations in full for the 1st and 3rd quarters of 2010 and that another principal of the company took out a  loan from the employee 401(k) pension plan that constituted a significant portion of the plan's assets during the time period set forth in the Indictment.  The only way for the

Accused to learn of the identities of the individuals who have knowledge regarding the IRS's decision to apply said quarterly tax payments to other financial obligations owed by Attevo, Inc. and/or who have knowledge regarding the loan taken out from the employee 401(k) pension plan by another principal of the corporation, is if said subpoenas and/or grand jury testimony is provided in discovery.

WHEREFORE, the Accused, by and through undersigned counsel, respectfully moves this Honorable Court for an Order compelling the Government to disclose the additional categories of documents and records he has requested and said documents and records are exculpatory, material to the preparation of his defense, and discoverable pursuant to Crim. R. 16.

Respectfully Submitted,

/s/ Brian A. Murray
LARRY W. ZUKERMAN, Esq. (0029498)
S. MICHAEL LEAR, Esq. (0041544)
BRIAN A. MURRAY, Esq. (0079741)
Zukerman, Daiker & Lear Co., L.P.A.
3912 Prospect Ave. East
Cleveland, Ohio 44115
(216) 696-0900 telephone
lwz@zukerman-law.com
sml@zukerman-law.com
bam@zukerman-law.com
Co-Counsel for Charles David Snyder

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was electronically served to all parties on this 19th day of April 2018 via the Court's electronic filing system.

/s/ Brian A. Murray
BRIAN A. MURRAY, Esq.