IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:17CR507 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES DAVID SNYDER, | ) | MOTION TO QUASH SUBPOENAS |
| | ) | ISSUED TO THE IRS AND DOL |
| Defendant. | ) | |
| | ) | |

  Now comes the United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Michael L. Collyer and Megan R. Miller, Assistant United States Attorneys, and hereby move to quash subpoenas issued to IRS employee Adele Heard, former IRS employee Evelyn Terry, and Special Agent Jeffrey Buttolph of the DOL. A Memorandum follows.

## MEMORANDUM

### I.  PROCEDURAL HISTORY

#### A.  Pre-Indictment Events

On September 30, 2010, an IRS Revenue Officer contacted Attevo about its outstanding employment tax liabilities.  That began a lengthy relationship between Defendant Snyder and the IRS, which was attempting to collect unpaid employment taxes.  Defendant Snyder ultimately sought an installment plan, and after a number of payments, Snyder ceased making them and the installment plan failed.  Snyder also sought to enter into an offer in compromise, and the IRS rejected it.  As part of the IRS' evaluation of the employment tax issues, Snyder filed a FOIA request to obtain the IRS' file, which resulted in a disclosure of 1,858 pages of material out of 1,918 possessed by the IRS.  (R. 17-1: Notice of Compliance with Defendant's Discovery Request, IRS FOIA Letter dated January 27, 2015, PageID 84).

As the Indictment alleges, between July 31, 2010, and December 19, 2012, Snyder embezzled approximately $130,416.75 from his company's 401(k) Retirement Plan.  The Department of Labor learned of this embezzlement and filed an ERISA suit against Snyder and others on November 7, 2013.  *Perez v. Snyder, et al.*, 1:13CV2474 (N.D. Ohio).  Snyder filed an Answer on January 27, 2014 (R. 8: Answer).  On March 4, 2014, the Secretary of Labor made its Initial Disclosures, and the Secretary's counsel also provided, among other things, spreadsheets setting forth the dates and amounts embezzled by the defendants.  The parties exchanged information.  See (R. 29: Minutes of Proceedings on May 14, 2014) (noting that "Parties have completed exchange of payroll records").  On July 29, 2014, the parties entered into a consent judgment in which Snyder agreed to repay $143,481.42 to the 401(k) Retirement Plan according to a payment schedule.  1:13CV2474 (R. 33: Consent Judgment, PageID 144-45).

B.   *United States v. Snyder*, **1:17CR507**

In the instant case, the Government on January 9, 2018, overnighted to defense counsel a DVD containing over 41,000 pages of Criminal Rule 16 Discovery, including an index for the types of documents contained on the DVD. On January 26, 2018, Snyder's counsel requested 12 specific items claimed to be outside of the Government's 41,000+ page production:

1. Copies of all subpoenas issued;
2. Copies of all grand jury testimony;
3. Copies of all Memorandums of Interviews (MOI's);
4. Entire Attevo IRS "Archive History Transcript" not just IRS Revenue Officer Evelyn Terry;
5. IRS "Archive History Transcript" for all related entities, including, but not limited to, Cirric, Ruralogic, Avverrock and Superior Tech Partners;
6. IRS "Archive History Transcript" for C. David Snyder, including all trust fund penalty investigation materials;
7. IRS "Archive History Transcript" for Joseph Burmester, including all trust fund penalty investigation materials;
8. Copies of all DOL notes and internal memoranda related to its investigation of the Attevo/Ruralogic 401(k) Plan;
9. Copies of all memoranda related to Attevo/Ruralogic 401(k) Plan employee withholdings, deposits and dates corresponding to same;
10. Copies of all notes and recordings related to DOL civil suit styled as *Thomas E. Perez, Sec. of Labor v. Charles David Snyder, et al*, Case No.13 cv-2474;
11. Copies of all IRS memoranda and notes related to the transfer of Form 941 designated payments through the EFTPS online payment system; and
12. Copies of all documents obtained from payroll companies utilized by Attevo and Ruralogic.

After requesting authority for his requests, and receiving none from defense counsel, the Government responded on February 1, 2018, that it could not comply with the request, at least in part because the Prosecution Team did not include the civil components of the IRS and DOL. (R. 25-2: Exhibit B to Memorandum Opposing Motion to Compel).

On March 16, 2018, Snyder filed a Request for Discovery (R. 10), which reiterated his request for the same 12 categories of information. On April 10, 2018, the Government filed a Notice of Compliance with Defendant's Discovery Request. (R. 17, PageID 75). The Notice

3

responded to the Request for Discovery by addressing the different language used in the Request (as opposed to the emailed request on January 26, 2018) and reiterated points that the Government made in the email exchange.

On April 19, 2018, Snyder filed a Motion to Compel Discovery. (R. 20, PageID 92). The Government opposed it on May 3, 2018. (R. 25).

On or about May 7, 2018, Snyder served subpoenas on former IRS employee Evelyn Terry and current IRS employee Adele Heard, requesting them to appear on May 10 to provide testimony and produce documents. On or about May 7, 2018, Snyder allegedly left a subpoena at the house of Special Agent Jeffrey Buttolph, a criminal investigator for the Department of Labor, purporting to compel him to appear in court on May 10 to provide testimony and produce documents.

## II. ARGUMENT

### A. Snyder Failed to Comply with Federal Regulations

Federal regulations govern the disclosure of official information and records of the IRS. *See* 26 C.F.R. §§ 301.9000-1 – 301.9000-7 (2018). Under these regulations, no person may be required to produce internal revenue records without authorization from the Commissioner of the IRS after receiving a request that complies with the regulations. *See id.* §§ 301.9000-2, 301.9000-5. The same is true for the Department of Labor, as 5 U.S.C. § 301 gave the Secretary of Labor the power to promulgate regulations governing the release of information by department employees served with subpoenas. 29 C.F.R. § 2.20, *et seq.* Department of Labor employees may not provide information acquired during the course of their official duties without prior approval of the appropriate Deputy Solicitor of Labor. *Id.*

4

The Supreme Court has long recognized the authority of agency heads to restrict the testimony of their subordinates through regulations. *U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). In *Touhy*, the Supreme Court held that a subordinate federal officer could not be found in contempt of court for refusing to produce subpoenaed documents where his refusal was based on Department of Justice regulations prohibiting disclosure of nonpublic documents without authorization of the Attorney General. *Id.* at 468. The Court rejected the contention that the regulation invaded the authority of the Courts to determine the admissibility of evidence. *Id.*

In this case, there exists a procedure for Snyder to seek authorization for the disclosure of IRS and DOL records. For the IRS records, Snyder must submit a written statement or affidavit explaining the nature of the testimony and records sought, the relevance of the material to the legal proceedings, an estimate of the time required to present the testimony and the volume of records involved, the reasons why the information sought is not readily available from other sources or by other means. 26 C.F.R. § 301.9000-5(a). Moreover, the request or demand must "allow[] a reasonable time (generally at least fifteen business days) for compliance." *Id.* § 301.9000-5(a)(8). The Commissioner of the IRS then makes a determination whether to permit testimony and/or allow disclosure of official records. *Id.* § 301.9000-2. However, until Snyder submits a proper request under the regulations, the IRS is prohibited from providing any testimony or records in response to the subpoenas. The same is true for the DOL subpoena. Snyder must first serve a written summary of the information sought and its relevance to the proceeding in connection with which it was served. 29 C.F.R. § 2.21.

Until Snyder complies with these federal regulations, both government entities are prohibited from providing any records or testimony.

### B. Snyder Failed to Follow Criminal Rule 17(c)

At the outset, the Government notes that Snyder served a subpoena for testimony and records, not a document production only subpoena pursuant to Federal Rule of Criminal Procedure 17(c). Snyder's subpoenas purport to compel various government employees to provide testimony on May 10, 2018, but there is neither a hearing nor a trial scheduled for that date. This Court scheduled a pretrial conference, not a hearing. Indeed, this Court's order indicates that "[o]ther pretrial hearings will be scheduled as need." Because there is no hearing scheduled, Snyder's subpoena appears to usurp this Court's authority to schedule hearings, or it functions as a subpoena compelling government employees to submit to informal questions. In either event, the subpoena improperly calls for testimony.[1] *See United States v. Keen*, 509 F.2d 1273, 1275 (6th Cir. 1975).

Snyder also failed to follow Rule 17(c) in issuing a subpoena for pretrial production without making the requisite showing to the Court to justify issuance of the subpoena. Rule 17 provides that "a subpoena may order a witness to produce any books, papers, documents, data or other objects the subpoena designates. The ***court may direct*** the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorney to inspect all or part of them." Fed. R. Crim. P. 17(c). (Emphasis added). Only the Court has the authority to direct that records nd documents sought pursuant to a Rule 17(c) subpoena be delivered in advance of the trial date.

---

[1] Even if Snyder could compel their testimony at the pretrial conference, the subpoena returns indicate that Snyder did not provide witness fees and mileage for the witnesses to travel to Youngstown. As Snyder's Motion to Dismiss for Selective Prosecution notes, Snyder is not indigent. As noted below regarding the manner of service for Special Agent Buttolph, it would also appear that Snyder failed to serve the witnesses properly.

6

The Supreme Court has permitted subpoenas *duces tecum* returnable prior to trial under particular circumstances. *United States v. Nixon*, 418 U.S. 683 (1974). The *Nixon* Court required parties moving for a pre-trial subpoena *duces tecum* to meet the following four-factor test showing:

1. that the documents are evidentiary and relevant;

2. that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence;

3. that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and

4. that the application is made in good faith and is not intended as a general fishing expedition.

*Id*. at 699-700. The Court noted that, assuming that the moving party could demonstrate that the records sough were relevant, admissible and specific, the issuance of a subpoena *duces tecum* with an early return date was "committed to the sound discretion of the trial court." *Id*. at 700, 702; *cf. United States v. Llanez-Garcia*, 735 F.3d 483, 499 (6th Cir. 2013) (permitting district courts to interpret Rule 17(c) differently).

Defendant has made no showing that he meets any of the above *Nixon* standards warranting the issuance of a pre-trial subpoena for document production.

### C. The Subpoenas are Unreasonable and Oppressive

On their face the subpoenas require the IRS and DOL to conduct extensive searches for responsive documents. The subpoenas allowed three days for the search and production. This is patently unreasonable. Indeed, none of the subpoenas were personally served on the names witnesses. The subpoenas directed at Terry and Heard were served on "Ms. Barum." (R. 29 and 30, PageID 254, 255). The subpoena directed to the DOL special agent indicates that it was left

7

at his house on May 7, 2018: "residence service – under secured door." (R. 28: Return of Subpoena to Jeffrey Buttolph, PageID 253). As of this writing, Special Agent Buttolph has still not seen the subpoena, much less assess the time, effort and feasibility of locating what it requires (only the return page was filed, so at this point the Government has not seen what the subpoena purports to compel).

The timing issue is problematic for another reason. To the extent that Snyder actually lacks these documents, a point that remains unclear given his extensive access to the documentation in the IRS and DOL civil matters, he knew as of late January 2018 that the United States Attorney's Office lacked the documents he sought and had produced everything required under Criminal Rule 16. There is no excuse to wait until May, just weeks before trial, to *begin* to try and obtain the documents from the agencies.

### III. CONCLUSION

This Court should quash the subpoenas because Snyder failed to comply with the applicable *Touhy* regulations and Federal Criminal Rule of Procedure 17(c). The Court should also quash them because they are unreasonable and oppressive.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By: /s/ Michael L. Collyer
Michael L. Collyer (OH: 0061719)
Megan R. Miller (OH: 0085522)
Assistant United States Attorneys
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3744/3855
(216) 522-7358 (facsimile)
Michael.Collyer@usdoj.gov
Megan.R.Miller@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on this 10th day of May 2018, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

                                               /s/ Michael L. Collyer
                                               Michael L. Collyer
                                               Assistant U.S. Attorney