IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 1:17CR507 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| vs. | ) | **DEFENDANT'S BRIEF IN** |
| | ) | **OPPOSITION TO MOTION TO** |
| CHARLES DAVID SNYDER, | ) | **QUASH SUBPOENAS** |
| | ) | |
| Defendant. | ) | |

Now comes the Accused, Charles David Snyder, by and through undersigned counsel, and respectfully submits his Brief in Opposition to the Government's Motion to Quash the Subpoenas he issued to the IRS and Department of Labor. For the reasons more fully set forth in the Brief in Support, attached hereto and incorporated herein, this Honorable Court should deny the Government's motion to quash and order the subpoenaed individuals to produce said records to defense counsel sufficiently in advance of the trial in the within matter.

                                              Respectfully Submitted,

                                              /s/ Brian A. Murray_____
LARRY W. ZUKERMAN, Esq. (0029498)
S. MICHAEL LEAR, Esq. (0041544)
BRIAN A. MURRAY, Esq. (0079741)
Zukerman, Daiker & Lear Co., L.P.A.
3912 Prospect Ave. East
Cleveland, Ohio 44115
(216) 696-0900 telephone
lwz@zukerman-law.com
sml@zukerman-law.com
bam@zukerman-law.com

                                                      -and-

ROBERT J. FEDOR, Esq. (0042653)
Robert J. Fedor, Esq., LLC
23550 Center Ridge Road #107

Westlake, Ohio 44145
(440) 250-9709 Telephone
(440) 250-9714 Facsimile rjfedor@fedortax.com
Counsel for Charles David Snyder

**BRIEF IN SUPPORT**

A.  **A CRIMINAL DEFENDANT'S CONSTITUTIONAL RIGHTS TRUMP THE FEDERAL REGULATIONS REGARDING THE DISCLOSURE OF SUBPOENAED INFORMATION FROM A GOVERNMENTAL AGENCY**

The Government's reliance on the United States Supreme Court's decision in *U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), is misplaced because two years after said decision, the Supreme Court clarified in *United States v. Reynolds*, 345 U.S. 1, (1953), that "the Government can invoke its evidentiary privileges [in "the criminal field"] only at the price of letting the defendant go free." *Id*. at *12. "The rationale of the criminal cases is that, since the Government which prosecutes an accused also has the duty to see that justice is done, it is unconscionable to allow it to undertake prosecution and then invoke its governmental privileges to deprive the accused of anything which might be material to his defense." *Id*. The United States Supreme Court further distinguished the difference between *Touhy's* application to civil and criminal cases by stating "[s]uch rationale has no application in a civil forum where the Government is not the moving party, but is only a defendant on the terms to which it has consented." *Id*.

*Touhy's* application to civil proceedings in which the Government is named party has also been called into question. In *United States ex rel. Roby v. Boeing Co.*, 189 F.R.D. 512 (S.D. Ohio 1999), the district court held that "fundamental fairness dictates that the *Touhy* regulations should not apply where the Government is a party to the litigation." *Id*. at 517 (citing *Sperandeo v. Milk Drivers & Dairy Employees Local Union No. 537*, 334 F.2d 381, 384 (10th Cir. 1964)). The district court in *Roby*, supra, noted that the Ninth Circuit Court of Appeals in *Exxon Shipping Co. v. United States Dep't of Interior*, 34 F.3d 774, 776 (9th Cir. 1994), concluded

"nothing in the text of [5 U.S.C] § 301 empowers a federal agency to withhold documents or testimony from a federal court." *Id*. The district court in *Roby*, supra, further noted that the Sixth Circuit Court of Appeals stated "to allow a federal regulation issued by an agency to effectively override the application of the Federal Rules of Civil Procedure, and, in essence, divest a court of jurisdiction over discovery, the enabling statute must be more specific than a general grant of authority as found here." *Id*. (citing *In re Bankers Trust Co.,* 61 F.3d 465, 470 (6th Cir. 1995)).

In *United States v. Aponte-Subrado*, 824 F. Supp. 2d 285 (Dist. Puerto Rico), the district court denied the Government's motion to quash a subpoena issued by a criminal defendant to a former Assistant United States Attorney that requested the attorney's appearance and production of "any and all related memoranda, documents or reports of investigation generated by you or where you sign off in any capacity that are in your possession in relation to the autopsy of …." *Id*. at 289. The district court in *Aponte-Subrado* held that the *Touhy* regulations did not prohibit disclosure of the subpoenaed documents. *Id*. at 287.

Similarly, in the present matter, this Honorable Court should find that the Accused's constitutional rights to due process, confrontation, and compulsory process under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution trump the federal regulations regarding the disclosure the official information and records that the Accused has subpoenaed from the IRS and DOL. Thus, the Accused should not be required to comply with the federal regulations prior to subpoenaing the records that he seeks from the IRS and DOL as said records are material to his defense.

### B. THE ACCUSED HAS MADE A SHOWING THAT HE MEETS ALL OF THE NIXON STANDARDS

The Accused and the Government have been in a discovery dispute since January 26, 2018 regarding whether the Government is required to produce the records he is now seeking to obtain in the subpoenas he issued the IRS and DOL representatives. The Government has maintained that they are not in possession, custody, or control of said records and therefore have no obligations to acquire said records and produce them in discovery to defense counsel, despite the fact that they intend to call witnesses from the IRS and DOL to testify against the Accused in this matter. Moreover, as noted in the Government's Motion to Quash, the Accused previously filed a FOIA request to obtain the IRS' file, but the IRS only produced 1,858 pages of material out of the 1,918 possessed by the IRS.

The Accused asserts that he has satisfied the *Nixon* factors as through his various motions that he has filed to date, he has established the documents that he has subpoenaed form the IRS and DOL representatives are: 1) evidentiary and relevant; 2) not otherwise procurable reasonably in advance of trial by exercise of due diligence; 3) necessary for his preparation for trial; and 4) is made in good faith. Accordingly, this Honorable Court should exercise its discretion, deny the Government's motion to quash, and order the subpoenaed individuals to produce the records requested in advance of trial.

### C. THE SUBPOENAED RECORDS ARE NOT UNREASONABLE OR OPPRESSIVE

The Government has not provided any information regarding how long the IRS and DOL representatives would need to reasonably produce the subpoenaed information and/or why the Government believes that the subpoenas require the IRS and DOL to conduct "extensive searches" when the subpoenas request particularized information. Further, to the extent that the Government has orally claimed that the IRS and DOL should not be required to produce records

prior to the earliest offense date in the indictment, this Honorable Court should consider that the Indictment references Attevo having cash flow problems as early as 2006 and 2007 and references the Accused's income and expenditures from as early as October 2009.[1] As the Government clearly believes that the Accused's and/or Attevo's finances prior to the time period for the offenses charged Indictment is relevant, the Accused should be permitted to obtain records from the IRS and DOL for any period of time that is referenced in the Indictment, regardless of whether said time period constitutes a time period during which a criminal offense is charged.

      WHEREFORE, the Accused, by and through undersigned counsel, respectfully moves this Honorable Court to deny the Government's Motion to Quash the subpoenas issued to the IRS and DOL.

                            Respectfully Submitted,

/s/ Brian A. Murray
LARRY W. ZUKERMAN, Esq. (0029498)
S. MICHAEL LEAR, Esq. (0041544)
BRIAN A. MURRAY, Esq. (0079741)
Zukerman, Daiker & Lear Co., L.P.A.
3912 Prospect Ave. East
Cleveland, Ohio 44115
(216) 696-0900 telephone
lwz@zukerman-law.com
sml@zukerman-law.com
bam@zukerman-law.com

        -and-

ROBERT J. FEDOR, Esq. (0042653)
Robert J. Fedor, Esq., LLC
23550 Center Ridge Road #107
Westlake, Ohio 44145
(440) 250-9709 Telephone

---

[1] Indictment, Doc #1: PageID #3-4.

(440) 250-9714 Facsimile rjfedor@fedortax.com
Counsel for Charles David Snyder

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was electronically served to all parties on this 10th day of May 2018 via the Court's electronic filing system.

/s/ Brian A. Murray
BRIAN A. MURRAY, Esq.

6