IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.: 1:17CR507 |
| ) | |
| Plaintiff, ) | JUDGE BENITA Y. PEARSON |
| ) | |
| v. ) | |
| ) | |
| CHARLES DAVID SNYDER, ) | MOTION TO QUASH SECOND ROUND |
| ) | OF CRIMINAL RULE 17(C) |
| Defendant. ) | SUBPOENAS ISSUED TO THE IRS AND |
| ) | DOL |

Now comes the United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Michael L. Collyer and Megan R. Miller, Assistant United States Attorneys, and hereby move to quash subpoenas issued to IRS employee Adele Heard, former IRS employee Evelyn Terry, Special Agent Anthony Pizzola from IRS-CID, Special Agent Jeffrey Buttolph of the DOL-OIG, and Senior Investigator Kash Sewell from DOL-EBSA. A Memorandum follows.

## MEMORANDUM

### I. PROCEDURAL HISTORY

#### A. Pre-Indictment Events

On September 30, 2010, an IRS Revenue Officer contacted Attevo about its outstanding employment tax liabilities. That began a lengthy relationship between Defendant Snyder and the IRS, which was attempting to collect unpaid employment taxes. Defendant Snyder ultimately sought an installment plan, and after a number of payments, Snyder ceased making them and the installment plan failed. Snyder also sought to enter into an offer in compromise, and the IRS rejected it. As part of the IRS' evaluation of the employment tax issues, Snyder filed a FOIA request to obtain the IRS' file, which resulted in a disclosure of 1,858 pages of material out of 1,918 possessed by the IRS. (R. 17-1: Notice of Compliance with Defendant's Discovery Request, IRS FOIA Letter dated January 27, 2015, PageID 84).

As the Indictment alleges, between July 31, 2010, and December 19, 2012, Snyder embezzled approximately $130,416.75 from his company's 401(k) Retirement Plan. The Department of Labor learned of this embezzlement and filed an ERISA suit against Snyder and others on November 7, 2013. *Perez v. Snyder, et al.*, 1:13CV2474 (N.D. Ohio). Snyder filed an Answer on January 27, 2014 (R. 8: Answer). On March 4, 2014, the Secretary of Labor made its Initial Disclosures, and the Secretary's counsel also provided, among other things, spreadsheets setting forth the dates and amounts embezzled by the defendants. The parties exchanged information. See (R. 29: Minutes of Proceedings on May 14, 2014) (noting that "Parties have completed exchange of payroll records"). On July 29, 2014, the parties entered into a consent judgment in which Snyder agreed to repay $143,481.42 to the 401(k) Retirement Plan according to a payment schedule. 1:13CV2474 (R. 33: Consent Judgment, PageID 144-45).

B.  *United States v. Snyder*, **1:17CR507**

1.  Criminal Discovery

In the instant case, the Government on January 9, 2018, overnighted to defense counsel a DVD containing over 41,000 pages of Criminal Rule 16 Discovery, including an index for the types of documents contained on the DVD. On January 26, 2018, Snyder's counsel requested 12 specific items claimed to be outside of the Government's 41,000+ page production:

1. Copies of all subpoenas issued;
2. Copies of all grand jury testimony;
3. Copies of all Memorandums of Interviews (MOI's);
4. Entire Attevo IRS "Archive History Transcript" not just IRS Revenue Officer Evelyn Terry;
5. IRS "Archive History Transcript" for all related entities, including, but not limited to, Cirric, Ruralogic, Avverrock and Superior Tech Partners;
6. IRS "Archive History Transcript" for C. David Snyder, including all trust fund penalty investigation materials;
7. IRS "Archive History Transcript" for Joseph Burmester, including all trust fund penalty investigation materials;
8. Copies of all DOL notes and internal memoranda related to its investigation of the Attevo/Ruralogic 401(k) Plan;
9. Copies of all memoranda related to Attevo/Ruralogic 401(k) Plan employee withholdings, deposits and dates corresponding to same;
10. Copies of all notes and recordings related to DOL civil suit styled as *Thomas E. Perez, Sec. of Labor v. Charles David Snyder, et al*, Case No.13 cv-2474;
11. Copies of all IRS memoranda and notes related to the transfer of Form 941 designated payments through the EFTPS online payment system; and
12. Copies of all documents obtained from payroll companies utilized by Attevo and Ruralogic.

After requesting authority for his requests, and receiving none from defense counsel, the Government responded on February 1, 2018, that it could not comply with the request, at least in part because the Prosecution Team did not include the civil components of the IRS and DOL. (R. 25-2: Exhibit B to Memorandum Opposing Motion to Compel).

On March 16, 2018, Snyder filed a Request for Discovery (R. 10), which reiterated his request for the same 12 categories of information. On April 10, 2018, the Government filed a

Notice of Compliance with Defendant's Discovery Request.  (R. 17, PageID 75).  The Notice responded to the Request for Discovery by addressing the different language used in the Request (as opposed to the emailed request on January 26, 2018) and reiterated points that the Government made in the email exchange.

On April 19, 2018, Snyder filed a Motion to Compel Discovery.  (R. 20, PageID 92).  The Government opposed it on May 3, 2018.  (R. 25).  On May 18, 2018, this Court denied the motion.  (R. 65, PageID 645-46).

### 2. First Round of Criminal Rule 17(c) Subpoenas

On or about May 7, 2018, Snyder purportedly served subpoenas on former IRS employee Evelyn Terry and current IRS employee Adele Heard, requesting them to appear on May 10 to provide testimony and produce documents.  On or about May 7, 2018, Snyder allegedly left a subpoena at the house of Special Agent Jeffrey Buttolph, a criminal investigator for the Department of Labor, purporting to compel him to appear in court on May 10 to provide testimony and produce documents.  On May 10, 2018, the government filed a Motion to Quash those subpoenas (R. 32. PageID 268), and the Court heard argument at the pretrial conference and allowed Snyder to respond to the Motion to Quash later that day.  (R. 35, PageID 337).

On May 18, 2018, this Court granted the government's Motion to Quash, finding that Snyder failed to meet the requirements of *United States v. Nixon*, 418 U.S. 683 (1974).  (R. 65, PageID 655-57).  In particular, this Court held that Snyder's Rule 17(c) subpoenas were an improper attempt to circumvent the government's Criminal Rule 16 discovery production and Snyder failed to show that the material was not discoverable through the exercise of due diligence because Snyder obtained an extensive amount of the IRS' documents through a FOIA action.  *Id*.

3. <u>Second Round of Criminal Rule 17(c) Subpoenas</u>

On or about May 11, 2018, Snyder caused the attempted service of a Rule 17(c) subpoena on IRS employee Adele Heard, purporting to compel her to appear in court on May 29, 2018, and bring documents:

> (1) Any and all IRS "Archive History Transcripts" for Attevo, Cirric, Ruralogic, Averrock and Superior Tech Partners from January 1, 2010 to Present;
>
> (2) Any and all IRS "Archive History Transcripts", including all trust fund penalty investigation materials for Charles David Snyder and Joseph Burmester from January 1, 2010 to the present; and
>
> (3) Copies of all IRS memoranda and notes related to the tranfer (sic) of Form 941 designated paynments (sic) made by Attevo through the EFTPS online payment system from January 1, 2010 to present.

<u>Exhibit 1</u>, May 11, 2018 Subpoena to Adele Heard.[1]

On or about May 16, 2018, Snyder caused the attempted service of a Rule 17(c) subpoena on IRS Special Agent Anthony Pizzola, purporting to compel him to appear in court on May 29, 2018, and bring documents:

> (1) Copies of entire case file for the investigation of Charles David Snyder; specifically, all documents that were redacted and/or withheld pursuant to the FOIA requests.

<u>Exhibit 2</u>, May 16, 2018 Subpoena to Special Agent Pizzola.

---

[1] The government does not yet have a copy of a subpoena that was served on Evelyn Terry, a former IRS employee. But the government believes that Snyder served a subpoena on her for the same documents listed in Adele Heard's subpoena. We intend to include that subpoena in this motion and ask the Court to quash it as well. In addition to the defects identified below, the government adds that Ms. Terry is not in a position to produce any IRS documents because she is a former employee who no longer has access to the requested documents.

5

On or about May 11, 2018, Snyder caused the attempted service of a Rule 17(c) subpoena on Special Agent Jeffrey D. Buttolph from DOL-OIG, purporting to compel him to appear in court on May 29, 2018, and bring documents:

(1) Copies of all Dept. of Labor memorandums of interviews related to Attevo and/or Ruralogic and/or Charles David Snyder;

(2) Copies of all Dept. of Labor notes and internal memoranda related to its investigation of the Attevo and/or Ruralogic 401(k) plans;

(3) Copies of all Dept. of Labor memoranda related to Attevo and/or Ruralogic 401(k) plan employee withholdings, deposits, and dates corresponding to the same; and

(4) copies of all Dept. of Labor notes and recordings related to Thomas E. Perez, Sec. of Labor v. Charles David Snyder, Case No. 13CV2474.

Exhibit 3, May 11, 2018 Subpoena to Special Agent Buttolph.

On or about May 11, 2018, Snyder caused the attempted service of a Rule 17(c) subpoena on Senior Investigator Kash Sewell from DOL-EBSA, purporting to compel him to appear in court on May 29, 2018, and bring the exact same documents specified in the subpoena to Special Agent Buttolph of DOL-OIG. Exhibit 4, May 11, 2018 Subpoena to Senior Investigator Sewell.

## II. ARGUMENT

### A. Snyder Failed to Comply with Federal Regulations

Federal regulations govern the disclosure of official information and records of the IRS. *See* 26 C.F.R. §§ 301.9000-1 – 301.9000-7 (2018). Under these regulations, no person may be required to produce internal revenue records without authorization from the Commissioner of the IRS after receiving a request that complies with the regulations. *See id.* §§ 301.9000-2, 301.9000-5. The same is true for the Department of Labor, as 5 U.S.C. § 301 gave the Secretary of Labor the power to promulgate regulations governing the release of information by department employees served with subpoenas. 29 C.F.R. § 2.20, *et seq*. Department of Labor

6

employees may not provide information acquired during the course of their official duties without prior approval of the appropriate Deputy Solicitor of Labor. *Id.*

The Supreme Court has long recognized the authority of agency heads to restrict the testimony of their subordinates through regulations. *U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). In *Touhy*, the Supreme Court held that a subordinate federal officer could not be found in contempt of court for refusing to produce subpoenaed documents where his refusal was based on Department of Justice regulations prohibiting disclosure of nonpublic documents without authorization of the Attorney General. *Id.* at 468. The Court rejected the contention that the regulation invaded the authority of the Courts to determine the admissibility of evidence. *Id.*

In this case, there exists a procedure for Snyder to seek authorization for the disclosure of civil IRS and DOL records. For the IRS records, Snyder must submit a written statement or affidavit explaining the nature of the testimony and records sought, the relevance of the material to the legal proceedings, an estimate of the time required to present the testimony and the volume of records involved, the reasons why the information sought is not readily available from other sources or by other means. 26 C.F.R. § 301.9000-5(a). The Commissioner of the IRS then makes a determination whether to permit testimony and/or allow disclosure of official records. *Id.* § 301.9000-2. However, until Snyder submits a proper request under the regulations, the IRS is prohibited from providing any testimony or records in response to the subpoenas. The same is true for the DOL subpoena. Snyder must first serve a written summary of the information sought and its relevance to the proceeding in connection with which it was served.

29 C.F.R. § 2.21. See <u>Exhibit 5</u>, Letter Dated May 22, 2018, from DOL Associate Solicitor Benjamin T. Chinni (Objecting to the 17(c) Subpoena due to failure to comply with C.F.R.).[2]

Snyder has previously claimed that *Touhy* regulations do not apply in cases where the United States is a party to the litigation. (R. 47: Motion to Compel, PageID 371). But several circuits have squarely rejected this argument. *United States v. Soriano-Jarquin*, 492 F.3d 495, 504 (4th Cir. 2007) ("The defendant claims at the outset that Touhy regulations do not apply to cases in which the United States is a party, but neither the authorizing statute, 5 U.S.C. § 301, nor the DHS regulations, 6 C.F.R. § 5.41, impose any such limitation. Moreover, other courts have applied Touhy regulations to the testimony of agency employees in federal criminal prosecutions. *See, e.g.*, *United States v. Wallace*, 32 F.3d 921, 929 (5th Cir. 1994) (applying Department of Justice Touhy regulations); *United States v. Allen*, 554 F.2d 398, 406 (10th Cir. 1977) (same)").

Until Snyder complies with these federal regulations, both government entities are prohibited from providing any records or testimony.

**B.    Snyder Failed to Follow Criminal Rule 17(c)**

The same defects that this Court found to be fatal for the first round of Rule 17(c) subpoenas continue to exist for the second round.

First, Snyder continues to attempt an end-run around the criminal discovery rules. (R. 65, PageID 656). The Supreme Court in *Nixon* stated that Rule 17 "was not intended to provide a means of discovery for criminal cases." *United States v. Nixon*, 418 U.S. 683, 698 (1974). As such, a criminal defendant may not use a Rule 17 subpoena as a backdoor way of expanding

---

[2] The government understands that the IRS will be issuing similar guidance to its current and former employees.

8

discovery under Federal Rule of Criminal Procedure 16, the *Jencks* Act, or other Constitutional rights like *Brady* or *Giglio*. (R. 65: Memorandum of Opinion Quashing Subpoenas, PageID 656) ("*United States v. Skeddle*, 178 F.R.D. 167, 170 (N.D.Ohio 1996) (Carr, J); *see also United States v. Farmer*, No. 1:14CR362, 2015 WL 1417965, at *3 (N.D. Ohio Mar. 31, 2015) (Lioi, J.) ("A proponent's motion, based on nothing more than a belief as to the requested documents' contents or import, is essentially a discovery request and is not properly made under Rule 17(c).")"); *see Nixon*, 418 U.S. at 698; *United States v. Cuthbertson*, 651 F.2d 189, 197 (3d Cir. 1981). Thus, all of Snyder's subpoenas should be quashed on this ground.

Second, Snyder has made no further showing that the material he is requesting was not procurable through the exercise of due diligence—thus, this Court's second ground for quashing Snyder's earlier subpoenas remains equally valid for this round. (R. 65, PageID 656-67).[3] While this round of subpoenas does have some differences from the first round, Snyder has not attempted to explain that the material was not obtained or discoverable in his IRS FOIA action or through civil discovery in the DOL civil case.

There is one new subpoena in this round of Rule 17(c) subpoenas: the subpoena directed to Special Agent Anthony Pizzola from the IRS Criminal Investigation Division. The subpoena is unclear regarding its scope; on the one hand, it purports to compel him to bring his entire case file, but then that directive is immediately followed by, "specifically, all documents that were redacted and/or withheld pursuant to the FOIA requests." If this phrase modifies and limits the first request, then this subpoena has already been satisfied. On May 23, 2018, counsel for

---

[3] In this regard, Snyder has never explained what he obtained from the IRS through his FOIA action or from the DOL in connection with discovery and informal exchange of documents in the civil case, *Perez v. Snyder, et al.*, 1:13CV2474 (N.D. Ohio).

9

Snyder finally inspected the FOIA box obtained by Special Agent Pizzola and copied any documents counsel wanted. If the subpoena is broader than the qualifying "specifically," then it is an end-run around the criminal rules of discovery and should be quashed under *Nixon*.

### III. CONCLUSION

This Court should quash the subpoenas because Snyder failed to comply with the applicable *Touhy* regulations and Federal Criminal Rule of Procedure 17(c).

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By: /s/ Michael L. Collyer
Michael L. Collyer (OH: 0061719)
Megan R. Miller (OH: 0085522)
Assistant United States Attorneys
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3744/3855
(216) 522-7358 (facsimile)
Michael.Collyer@usdoj.gov
Megan.R.Miller@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of May 2018, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ Michael L. Collyer
Michael L. Collyer
Assistant U.S. Attorney