IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.:  1:17CR507 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| vs. | ) | **DEFENDANT'S MOTION *IN LIMINE*** |
| | ) | **TO EXCLUDE TESTIMONY FROM** |
| CHARLES DAVID SNYDER, | ) | **CHARLES FRAZIER** |
| | ) | |
| Defendant. | ) | |

At 4:39 p.m. on May 23, 2018 the Government emailed defense counsel additional discovery that consisted of a series of documents and/or tangible things that on information and belief had previously been provided to the Department of Labor in June of 2014 by an individual identified as Charles Frazier.  Based on the disclosure of said information, it appears that the Government intends to call Mr. Frazier as a witness in this matter for the limited purpose of providing testimony that the Accused has engaged in other alleged crimes, wrongs, and other acts, including but not limited to salacious allegations that the Accused engaged in affairs and hired escorts.  The Accused respectfully asserts that Mr. Frazier's testimony has no relevance to the alleged conduct charged in this matter and amounts to nothing more than an impermissibly attempt by the Government at assassinating the Accused's character.

On May 15, 2015, the Government filed its Notice of Intent to Introduce Evidence Under FRE 404(b).[1]  Said Notice of Intent made no reference to the salacious other act allegations that the Government disclosed in its Trial Brief about the Accused being involved in affairs and/or hiring escorts and/or that additional other acts evidence that it is now clear that the Government intends to attempt to present in its case-in-chief through the testimony of Charles Frazier.  Based

---

[1] Notice of Intent, Doc #: 39 PageID #: 348-351.

upon Charles Frazier's prior statements to the Department of Labor in June of 2014, it appears that some of the alleged other acts evidence may go as far back as far as 1999.  Further, while the Department of Labor Report of Interview reflect that Charles Frazier informed Special Agent Buttolph that the Accused engaged in affairs and hired escorts, it does not appear that Charles Frazier identified any specific time period that the Accused allegedly engaged in said conduct, except for a belief that one particular incident occurred in 2009, prior to any of the conduct charged in this matter.

      This Honorable Court should issue an Order in limine prohibiting the Government from introducing any character evidence and/or other acts evidence during its case-in-chief from Charles Frazier as said evidence is not relevant, any alleged probative value of said evidence is substantially outweighed by the danger of unfair prejudice, and said evidence constitutes inadmissible character evidence. "[I]rrelevant evidence is not admissible at trial." *United States v. Collins*, 799 F.3d 554, 577 (6th Cir. 2015)(citing Fed. R. Evid. 402).  "[R]elevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice …." *U.S. v. Cureton*, 2015 U.S. Dist. LEXIS 22815, *3 (Ky. E.D.)(citing Fed. R. Evid. 403).  "Character evidence and other evidence of crimes, wrongs, or prior acts are generally inadmissible to prove a defendant's propensity towards committing an alleged offense." *United States v. Woodley*, 2018 U.S. App. LEXIS 6291, *5 (6th Cir. 2018)(citing Fed. R. Evid. 404).

      This Honorable Court should issue an Order in limine prohibiting the Government from introducing any character evidence and/or other acts evidence during its case-in-chief from Charles Frazier as said evidence will deny the Accused due process of law and a fair trial as said

2

evidence is not relevant, any alleged probative value of said evidence is substantially outweighed by the danger of unfair prejudice, and said evidence constitutes inadmissible character evidence.

Moreover, this Honorable Court should also note that the despite the Government's repeated insistent in this matter that it had no additional discoverable information in its possession from the IRS and DOL, additional discovery from both agencies continues to be provided by the Government in discovery less than a week before trial is scheduled to start, further supporting the Accused's contentions and concerns that there is additional information that is discoverable and within the Government's possession and control that he has yet to be provided with and that he must be provided with in order to ensure that his rights to a fair trial and due process are protected.  Does the Government truly expect the Accused to believe that they just received the documents that were disclosed to defense counsel on May 23, 2018, when said documents were noted as being provided by Charles Frazier to the DOL in June of 2014, almost four (4) years ago.

WHEREFORE, the Accused, by and through undersigned counsel, respectfully moves this Honorable Court to issue an Order *in limine* prohibiting the Government from introducing any character evidence and/or other acts evidence during its case-in-chief from Charles Frazier.

Respectfully Submitted,

/s/ Brian A. Murray
LARRY W. ZUKERMAN, Esq. (0029498)
S. MICHAEL LEAR, Esq. (0041544)
BRIAN A. MURRAY, Esq. (0079741)
Zukerman, Daiker & Lear Co., L.P.A.
3912 Prospect Ave. East
Cleveland, Ohio 44115
(216) 696-0900 telephone
lwz@zukerman-law.com
sml@zukerman-law.com
bam@zukerman-law.com

-and-

ROBERT J. FEDOR, Esq. (0042653)
Robert J. Fedor, Esq., LLC
23550 Center Ridge Road #107
Westlake, Ohio 44145
(440) 250-9709 Telephone
(440) 250-9714 Facsimile rjfedor@fedortax.com
Counsel for Charles David Snyder

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was electronically served to all parties on this 24th day of May 2018 via the Court's electronic filing system.

/s/ Brian A. Murray
BRIAN A. MURRAY, Esq.

4