IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:17CR507 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES DAVID SNYDER, | ) | UNITED STATES' RESPONSE IN |
| | ) | OPPOSITION TO MOTION IN LIMINE |
| Defendant. | ) | TO EXCLUDE TESTIMONY OF |
| | ) | CHARLES FRAZIER |

The United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Michael L. Collyer and Megan R. Miller, Assistant United States Attorneys, hereby responds in opposition to Defendant Charles David Snyder's Motion in Limine to Exclude Testimony of Charles Frazier (R. 84: Motion in Limine, PageID 841-43).

## I.     PROCEDURAL HISTORY

Snyder is charged with seven counts of Willful Failure to Collect, Account for, or Pay Over Employment Tax under 26 U.S.C. § 7202 and one count of Embezzlement from an Employee Benefit Plan under 18 U.S.C. § 664.  On May 15, 2018, in an abundance of caution, the United States submitted a notice of intent to introduce certain other acts evidence under Federal Rule of Evidence 404(b).  (R. 39: Notice of Intent, PageID 348-51).  Specifically, the United States indicated its intent to introduce the following evidence:  (1) that Defendant failed to account for and/or pay over quarters outside those alleged in the Indictment period; and (2) that Defendant paid other creditors while failing to account for and/or pay over employment taxes.  (*Id.*, PageID 348).  The United States indicated in its notice that it would submit

additional authority and argument in support of the admissibility of this evidence in its Trial Brief. (*Id.*, PageID 349).

Also on May 18, 2018, the United States filed its Trial Brief, which noted that among the examples of Snyder's lavish spending, he was paying huge sums of money to female escorts. (R. 59: U.S. Trial Brief, PageID 538-43). Snyder has now moved in limine to exclude one category of the lavish spending evidence. For the reasons initially presented in its Trial Brief and those addressed below, Defendant's Motion should be denied.

## II. LAW AND ARGUMENT

Within the category of relevant evidence of Defendant's lavish lifestyle, the United States intends to introduce evidence that Snyder spent large sums of money on female escorts. The United States anticipates testimony that Snyder frequently bragged about entertaining women and often stayed at the Ritz-Carlton in downtown Cleveland with female escorts. Moreover, Snyder paid between $2,000 and $4,000 in cash per night for female companionship when he traveled overseas. At times, Snyder had high-priced escorts between $5,000 and $10,000 while on trips to Saudi Arabia and Europe. Some of this conduct occurred during 2010, which coincides with the timeframe charged in the first three counts of the Indictment, thus confirming its temporal relevance.[1] Courts have upheld the district court's discretionary decision to admit evidence of prostitution as substantially probative of willfulness in criminal tax cases, despite acknowledging the existence of some prejudice. *See, e.g., United States v. Abodeely*, 801 F.2d

---

[1] Snyder notes that the witness who has described this conduct noted an incident in 2009, which Snyder claims is irrelevant to the 2010 and 2012 charges. (R. 84: Motion in Limine to Exclude Testimony from Charles Frazier, PageID 842). But the same witness will testify that the same conduct occurred in 2010, and thus Snyder implicitly therefore agrees that such conduct will be relevant to the 2010 counts, thus leaving only his 403 argument.

2

1020, 1025-26 (8th Cir. 1986) (finding unclaimed prostitution income relevant in a willful tax evasion case); *United States v. Ochs*, 595 F.2d 1247, 1260-61 (2d Cir. 1979) (same).

The probative value of Defendant's lavish expenditures on female escorts far outweighs any unfair prejudice under a Rule 403 balancing test. Rule 403 is clear: evidence that has probative value relating to the case must be included unless "its probative value is <u>*substantially outweighed*</u> by the danger of <u>*unfair*</u> prejudice." Fed. R. Evid. 403 (emphasis added). Unfair prejudice does not turn on whether it makes it more difficult for a party to prove its case or raise a defense. *See United States v. Guthrie*, 557 F.3d 243, 250 (6th Cir. 2009) ("Within the context of Rule 403, unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather, it refers to evidence which tends to suggest [a] decision on an improper basis.") (internal citation and quotation omitted). Otherwise, all evidence would be unfairly prejudicial. On the contrary, the Supreme Court has held that "[t]he term 'unfair prejudice' [. . .] speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged," such as on the basis of emotion. *Old Chief v. United States*, 519 U.S. 172, 180 (1997). "Because all probative evidence is to some extent prejudicial, [courts have] consistently emphasized that Rule 403 balancing turns on whether the prejudice is *unfair*." *United States v. Eads*, 729 F.3d 769, 777 (7th Cir. 2013) (citation omitted) (emphasis in original).

The Sixth Circuit rejected a defendant's 403 claim against the admission of evidence regarding gambling, which the defendant claimed was unfairly prejudicial because jurors might object to the "propriety and morality of gambling." *United States v. Blanchard*, 618 F.3d 562, 570 (6th Cir. 2010). In that 7202 case—exactly like this one—the Sixth Circuit found the relevance of such lavish spending clearly outweighed the danger of unfair prejudice: "Giving the

3

gambling records their 'maximum reasonable probative force' and 'minimum reasonable prejudicial value,' the relevance of Blanchard's spending a comparatively large amount of money on his own entertainment in lieu of paying over taxes to the IRS substantially outweighs the potential for prejudice arising from admission of this evidence." *Id*. The United States here seeks to introduce another form of lavish entertainment, which is clearly probative of an essential element of the offense, willfulness. Although some prejudice necessarily inures to the Defendant by virtue of his own choices, "Rule 403 does not provide a shield for defendants who engage in outrageous acts, permitting only the crimes of Caspar Milquetoasts to be described fully to a jury." *United States v. Demuro*, 677 F.3d 550, 559 (3d Cir. 2012) (quoting *United States v. Cross*, 308 F.3d 308, 325 (3d Cir. 2002)).

In response to these arguments, Snyder offers only boilerplate law that restates Evidence Rules 402, 403 and 404. (R. 84: Motion in Limine, PageID 842). The government agrees with that law, but it has no particularly compelling application to the facts of this case. It does not address the relevance of lavish spending in a 7202 employment tax case, as *Blanchard* does. Nor does it shed light on the probative value of even salacious evidence to prove willfulness in a tax case, like *Abodeely* (prostitution), *Ochs* (prostitution) and *Blanchard* (gambling) do.

Lacking relevant law, Snyder concludes with a complaint about discovery. He admits that he received in discovery the report about the lavish spending on escorts and complains that the government just provided the documents that the witness, Charles Frazier, provided during the interview in which he described the lavish spending. (R. 84: Motion in Limine, PageID 843). Snyder neglects to describe those documents, provided merely out of an abundance of caution, which are completely innocuous documents that the government has no intention of using and that are otherwise irrelevant to the case. Mr. Frazier provided sundry documents related to the

defendant, including photos of his Chautauqua residence, a spreadsheet of various contractors, business cards, a Christmas card, pay stub information and an insurance explanation of benefits. These documents were not discoverable, but the government decided to provide them anyway. In any event, they do not affect the issue presented by the motion.

## III. CONCLUSION

For the foregoing reasons, as well as those initially set forth in the United States' Trial Brief, the United States respectfully requests that this Court deny Defendant's Motion in Limine in its entirety.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:  /s/ Michael L. Collyer
Michael L. Collyer (OH: 0061719)
Megan R. Miller (OH: 0085522)
Assistant United States Attorneys
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3744/3855
(216) 522-7358 (facsimile)
Michael.Collyer@usdoj.gov
Megan.R.Miller@usdoj.gov

CERTIFICATE OF SERVICE

  I hereby certify that on this 24th day of May 2018, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

              /s/ Michael L. Collyer
              Michael L. Collyer
              Assistant U.S. Attorney