PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 1:17CR507 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| CHARLES DAVID SNYDER, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendant. ) | **AND ORDER** |
| ) | [Resolving ECF Nos. 58, 60, 67, & 84] |

Pending before the Court are the following motions in limine: (1) Defendant's Motion in Limine and/or Motion for Determination of the Admissibility of Expert Testimony Offered by Christopher O'Hagan (ECF No. 58); (2) Defendant's Motion in Limine to Exclude Evidence (ECF No. 60); (3) the Government's Motion in Limine to Exclude Certain Testimony of Defendant's Expert Gary Gruver (ECF No. 67); and (4) Defendant's Motion in Limine to Exclude Testimony from Charles Frazier (ECF No. 84). The motions are fully briefed.

For the reasons that follow, Defendant's Motion in Limine and/or Determination (ECF No. 58)is granted in part, Defendant's Motion to Exclude Evidence (ECF No. 60)[1] is denied in part, and the Government's Motion in Limine to Exclude Certain Testimony of Defendant's Expert Gary Gruver (ECF No. 67) is granted.

---

[1] Defendant's Motion in Limine to Exclude Testimony from Charles Frazier (ECF No. 84) is considered part of Defendant's motion to exclude (ECF No. 67) and also addressed from a 404(b) perspective.

(1:17CR507)

## I. Motion in Limine to Exclude Evidence of Expert Testimony Offered by Christopher O'Hagan

Defendant's argument in support of his motion in limine is two-fold. First, he argues that O'Hagan is not qualified to testify as an expert under Federal Rule of Evidence 702. ECF No. 58 at PageID #: 517-18. Second, he argues that the testimony O'Hagan would offer is irrelevant. Id. at PageID #: 518. Specifically, he contends that testimony on the reasons behind the IRS moving Attevo's tax payments to quarters other than the ones Attevo specified when making the payments would prove inconsequential, because it only matters that the IRS moved the payments and the Government has conceded that fact. Id.

In response, the Government argues that IRS agents frequently testify as expert witnesses in tax cases. ECF No. 68 at PageID #: 667-68. The Government also argues that the parties dispute "the timing, application and importantly Attevo's ratification of the 2010 payments in question." Id. at PageID #: 669. Because of this dispute, the Government reasons, O'Hagan's testimony is relevant, especially as he will offer testimony as to why the IRS applied Attevo's payments in the manner that it did. Id.

In reply, Defendant reiterates his argument as to O'Hagan's qualifications. ECF No. 70 at PageID #: 676-77. He also argues that, even if there is a factual dispute about Attevo's payments, an expert is unnecessary to testify on the timing and application of the payments and that O'Hagan had no involvement in the meetings related to the alleged ratification, so he is not well-suited to testify as an expert on that matter. Id. at PageID #: 677-78.

(1:17CR507)

Rule 401 of the Federal Rules of Evidence defines relevant evidence as that "having any tendency to make a fact more or less probable than it would be without the evidence" and "of consequence in determining the action." Generally, relevant evidence is admissible, unless it is not. *See* Fed. R. Evid. 402. O'Hagan's testimony about the application of tax payments is relevant. To be delivered in a way helpful to the trier of fact, such testimony is typically delivered by an expert witness. *See* Fed. R. Evid. 702. The Government has indicated that O'Hagan will testify as to the tax consequences of Attevo's employment taxes. The Sixth Circuit has permitted IRS agents to testify about an action's tax consequences. *See, e.g. United States v. Monus*, 128 F.3d 376, 386 (6th Cir. 1997) (holding that IRS agent's expert testimony on tax consequences from a company diverting funds was proper testimony to help jury determine issue of fact, because jury still had to determine whether defendant stole funds); *see also United States v. Frantz*, No. CR 02-1267(A), 2004 WL 5642909, at *19 (C.D.Cal. Apr. 23, 2004) (holding that testimony on tax treatment of payments to another corporate entity "would not usurp" fact-finder's role, because the finder of fact still had to determine whether defendant "committed an affirmative act to evade taxes and that he did so willfully.").

The Court finds the subject of O'Hagan's proposed testimony is relevant and proper expert testimony. Before O'Hagan may testify, however, the Court will conduct a *voir dire* on his qualifications.

**II. Motion in Limine to Exclude Evidence**

Defendant seeks to exclude: (1) evidence that Defendant failed to account for and/or pay employment taxes for any quarters prior to the first quarter of 2010; (2) evidence that Defendant

3

(1:17CR507)

paid other creditors while failing to account for and/or pay employment taxes; (3) evidence of Defendant's income and personal expenditures prior to and during the time period in the indictment; and "salacious allegations that the [Defendant] engaged in affairs and hired escorts." ECF No. 60 at PageID #: 549; *see also* ECF No. 84.

In support of his first argument, Defendant contends that non-payments prior to the first quarter of 2010 are irrelevant and not related to his alleged non-payments in 2010, because of the IRS's reclassification of payments designated for the first and third quarters of 2010. *Id.* at PageID #: 551-53. In support of the second and third arguments, Defendant avers that the IRS's actions make money spent on things other than tax payments a non-issue, because Defendant made proper payments for seven of eight quarters between first quarter of 2010 and the first quarter of 2012, if the IRS had applied the payments as Attevo had designated. *Id.* at PageID #: 553-54. Defendant seeks exclusions of all three categories of evidence under Federal Rules of Evidence 402, 403, and 404. ECF No. 60 at PageID #: 549. (Defendant's final argument is more fully addressed in Section IV, below.)

In opposition, the Government retorts that Defendant's prior non-payment of taxes is admissible circumstantial evidence of willfulness. ECF No. 69 at PageID #: 674. The Government also incorporates analysis it included in its trial brief on these arguments. *Id.* at PageID #: 673. In its trial brief, the Government provides authority to support the admissibility of a defendant's personal expenditures in tax cases, as well as authority on using a defendant's past tax payment history to prove willfulness. ECF No. 59 at PageID #: 538-43.

(1:17CR507)

In reply, Defendant claims that evidence of an extramarital affair is unfairly prejudicial, and therefore, evidence of spending related to extramarital affairs should not be admitted. ECF No. 71 at PageID #: 682-83. He also argues that evidence of discretionary spending is irrelevant, because that spending took place when Attevo was making its employment tax payments in full. *Id*. at PageID #: 684.

In determining the admissibility of other acts evidence under Rule 404(b), the Court considers three factors: (1) whether there is sufficient evidence that the act(s) occurred; (2) whether the other act(s) is admissible for one of the proper purposes under the rule; and (3) whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *United States v. Hardy*, 643 F.3d 143, 150 (6th Cir. 2011).

**A. Failure to pay employment taxes**

In prosecutions of willful failure to pay taxes, "a defendant's taxpaying record is admissible to prove willfulness circumstantially." *United States v. Daraio*, 445 F.3d 253, 264 (3d. Cir. 2006) (quotation omitted). The Sixth Circuit has held that it is within the trial court's discretion to admit evidence of failure to pay income taxes in years prior to and following the years in which a defendant was facing charges. *United States v. Ausmus*, 774 F.2d 722, 727-28 (6th Cir. 1985); *see also United States v. Harris*, 200 F. App'x. 472, 510 (6th Cir. 2006) ("The jury could reasonably infer that such a sustained streak of non-filing and non-payment by [defendants] reflected not a mistaken understanding of their duties under federal tax law, but an intent to shirk those duties.") (citation omitted). In *Ausmus*, the trial court had admitted the evidence under Rule 404(b). *Id*. The Circuit found that a failure to pay taxes in prior years may

5

(1:17CR507)

show that uncharged acts of non-payment reveal a pattern, plan, or scheme, and were thus probative as to whether the failure to pay was willful. *Id*.

The Government has shown that evidence of failure to pay employment taxes exists and is probative and that any risk of unfair prejudice does not substantially outweigh that probative value.[2]  Therefore, the Court finds that this evidence satisfies Rule 404(b) and is admissible.

### B. Payments to Other Creditors and Lavish Spending

The Sixth Circuit has held that "evidence regarding a defendant's ability to pay taxes is pertinent to whether an offense has been committed under § 7202, since it bears on the willfulness of the defendant's failure to pay over withheld tax to the government." *United States v. Blanchard*, 618 F.3d 562, 569 (6th Cir. 2010).  In *Blanchard*, the Sixth Circuit upheld the district court's denial of a motion in limine seeking to exclude evidence of defendant's discretionary spending including car leases, gambling losses, firearm purchases, and the purchase of a CD player. *Id*.  Blanchard argued that the gambling evidence created a risk of undue prejudice, but the Sixth Circuit held that the relevance of "spending a comparatively large amount of money on his own entertainment in lieu of paying over taxes to the IRS substantially outweighs the potential for prejudice arising from admission of this evidence." *Id.* at 570.

---

[2] Defendant offers an Eastern District of California case, *United States v. English*, No. 14-CR-217, 2016 WL 4702102 (E.D.Cal. Apr. 22, 2016) as authority, but, as the Government points out, it is distinguishable.  In *English*, the Eastern District of California granted a motion in limine to bar the admission of seven prior tax returns in a prosecution related to the filing of false tax returns.  Unlike in this case, the seven tax returns were not being used to prove willful failure to pay.  Rather, the returns contained no false information, and the Government wanted to use these returns to show that the defendant willfully filed the false returns for which he was facing charges.  This is not similar to the facts before the Court in this case.  Therefore, *English* does not persuade.

6

(1:17CR507)

Without refuting *Blanchard*, Defendant argues that the evidence will bring his character into issue, because the evidence will allege extramarital affairs. ECF No. 71 at PageID #: 682-83. Even assuming evidence of hiring escorts is more prejudicial than evidence of gambling, Defendant has not shown (1) that the prejudice is unfair or (2) that it substantially outweighs the evidence's probative value. Defendant relies on *United States v. Silver*, No. 15-CR-93, 2016 WL 1572993 (S.D.N.Y. Apr. 14, 2016) and *United States v. Bistrup*, 449 F.3d 873 (8th Cir. 2006) to support his argument. Neither case persuades the Court to exclude the escort evidence, because in neither case did the extramarital affair provide probative value. In this case, however, Defendant's discretionary spending is probative evidence. While, as written below, the Government must inform the Court of the dates and amounts to allow the Court to complete its 404(b) analysis, Defendant is reminded that not all evidence that "paints [a] defendant in a bad light is [] unfairly prejudicial." *Blanchard* at 569.

**III. Motion in Limine to Exclude Certain Testimony of Defendant's Expert Gary Gruver**

In its motion in limine, the Government seeks to exclude "any argument or testimony from [Plaintiff's] proposed expert witness, Gary L. Gruver, C.P.A., relating to his opinion that [Defendant's] conduct was not criminal and did not constitute willful failure to collect, account for, or pay over taxes." ECF No. 67 at PageID #: 660. The Government states that Gruver's expert report contains a series of opinions on whether Defendant acted "willfully" for purposes of 26 U.S.C. § 7202. *Id.* at PageID #: 661. It contends that such statements are violations of Federal Rule of Evidence 704(b). *Id.* at PageID #: 662-63.

(1:17CR507)

In response, Defendant argues that Gruver will only testify to "common practices that IRS [Criminal Investigations] utilizes when identifying taxpayers who are displaying willful behavior." ECF No. 73 at PageID #: 689. He contends that such testimony is proper and does not encroach on the jury's determination of the ultimate issue of Defendant's state of mind. Id. at PageID #: 688-89.

In reply, the Government argues that Defendant does not address the instances in Gruver's expert report it explicitly references, and therefore, Defendant concedes that those statements are improper. ECF No. 76 at PageID #: 703-04.

Rule 704(b) states as follows:

In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or a defense. Those matters are for the trier of fact alone.

Interpreting this rule, the Sixth Circuit has held that testimony that an individual's actions were taken with a certain intent or that an act is designed to achieve a certain outcome are impermissible testimony under Rule 704(b). *United States v. Warshak*, 631 F.3d 266, 324 (6th Cir. 2010). An expert may opine as to the effect of an act, but the expert may not speak to the intent of the act when intent is an element of the crime. *Id*. Nor does Rule 704(b) "bar experts from facts that *relate* to state of mind." *United States v. Salisbury*, 365 F.App'x, 622, 625 (6th Cir. 2010) (emphasis in original).

The Government's motion is granted. Gruver may not provide his opinion as to Defendant's state of mind, but he may testify as to the effect of acts. For instance, he may not testify that his finding that Attevo's books and records were accurate meant that there was no

8

(1:17CR507)

willful intent, but he may testify that he analyzed Attevo's books and records and concluded that Attevo was accurately tracking and recording its unpaid employment liabilities.

### IV. Motion in Limine to Exclude Testimony From Charles Frazier

In this motion, Defendant argues that any testimony from Charles Frazier is inadmissible under Rule 404(b). ECF No. 84. Defendant believes Frazier will testify as to "other alleged crimes, wrong, and other acts," involving Defendant, "including but not limited to salacious allegations that [Defendant] engaged in affairs and hired escorts." *Id.* at PageID #: 841. Defendant also argues that some of the evidence may be from as far back in time as 1999. *Id.* at PageID #: 842.

In response, the Government argues that the probative value of the evidence outweighs any risk of unfair prejudice. ECF No. 85 at PageID #: 846-48. The Government also asserts that some of the conduct on which Frazier will testify occurred during 2010, and is therefore, relevant, as within the time frame of the first three counts of the indictment. *Id.* at PageID #: 846.

The Government filed a Notice of Intent to Introduce Evidence Under FRE 404(b) on May 15, 2018. ECF No. 39. In its notice, the Government stated that it intended to offer the following evidence at trial: "(i) that Defendant failed to account for and/or pay over quarters outside those alleged in the indictment period; and (ii) that Defendant paid other creditors while failing to account for and/or pay over employment taxes." *Id.* at PageID #: 348. Three days later, in its trial brief, the Government indicated that it would also offer evidence of Defendant's "[l]avish [l]ifestyle," including, among other expenses, "$20,000 per month in rent for homes in

9

(1:17CR507)

Lakewood, Ohio and Chautauqua, New York; leases of four vehicles from Snyder Chevrolet in Napoleon, Ohio; credit card bills charging vacations to Las Vegas and Florida, spa treatments and clothing; and female escorts." ECF No. 59 at PageID #: 538.

Defendant points out that the Government's notice did not reference "salacious other act allegations," including the hiring of escorts (ECF No. 84 at PageID #: 841). That does not mean that the Government failed in its duty to give reasonable notice under Rule 404(b)(2).[3]

Continuing the thread woven above, Federal Rule of Evidence 404(b)(2) permits limited uses of evidence of a crime, wrong or other act for purposes other than proving a person's character to how that the person acted in accordance with that character on a particular occasion. To use such evidence, the prosecutor must provide reasonable notice of the general nature of such evidence. *Id*. The Sixth Circuit has held that district courts have discretion in determining whether the prosecution's notice of other acts evidence is reasonable under Rule 404(b). *United States v. Guy*, 708 F.App'x. 249, 260 (6th Cir. 2017) (citation omitted). Notice must "characterize the prior conduct to a degree that fairly appraises the defendant of its general nature" and "be sufficiently clear as to permit pretrial resolution of the issue of its admissibility." *United States v. Barnes*, 49 F.3d 1144, 1148-49 (6th Cir. 1995) (citation and quotation omitted).

In this case, the Government's notice and its trial brief provide Defendant sufficient notice of the Government's intent to introduce prior act evidence. Although the notice of intent

---

[3] The Court interprets Defendant's statement as an argument that the Government did not provide sufficient notice as to the evidence of lavish spending. Defendant does not, however, argue that the Government failed to give sufficient notice as to the evidence of payments to other creditors and the failure to account for and/or pay taxes in prior quarters.

10

(1:17CR507)

does not reference escorts, the trial brief filed eleven days before the trial date does. Indeed, the mention of Defendant allegedly hiring escorts has caused Defendant to file two pretrial motions on the topic. The Court finds that the Government has given sufficient notice under Rule 404(b).

This motion covers the same ground as Defendant's Motion in Limine to Exclude Evidence. ECF No. 60. Both motions seek to exclude evidence of salacious acts, including the hiring of escorts. The motion to exclude the testimony of Charles Frazier, however, is focused on a particular witness.

For the reasons addressed above, the Court finds that evidence of Defendant's discretionary spending has been sufficiently established to prove its existence and relevance as *res gestae*, or background evidence that completes the story of Defendant's alleged criminal behavior. Assuming that the evidence is within Rule 404(b), the Court also finds it offered to prove intent, motive, plan, preparation, and/or lack of mistake for failing to account for or pay over the employment taxes charged in the Indictment. As indicated above, although the discretionary spending may reflect poorly on Defendant, the Court finds the probative value of the evidence that is proof that Defendant exercised his discretion and spent money on things, including hiring escorts, other than his tax obligations may exceed any unfair prejudice, if the time frame of these expenditures is close in time to the charges in the indictment and of a significant amounts. While the Government references activities and amounts, no total amounts or dates are provided. Accordingly, prior to soliciting testimony on Defendant's spending on

11

(1:17CR507)

salacious activities and/or payments to other creditors, the Government must (outside of the hearing of the jury) inform the Court of when the expenditures were made and the amounts.

## V. Conclusion

For the foregoing reasons, Defendant's Motion in Limine and/or Determination ([ECF No. 58](#)) is granted in part, Defendant's Motion to Exclude Evidence ([ECF No. 60](#)) is denied, the Government's Motion in Limine to Exclude Certain Testimony ([ECF No. 67](#)) is granted, and Defendant's Motion in Limine to Exclude Testimony of Charles Frazier ([ECF No. 84](#)) is denied, in part. The Court will conduct a *voir dire* of Christopher O'Hagan to determine whether he is qualified to testify as an expert.

IT IS SO ORDERED.

| | |
|---|---|
| May 25, 2018 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |