PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 1:17CR507 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CHARLES DAVID SNYDER, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF No. 95] |

Pending before the Court is Defendant's Motion *in Limine* Regarding Repayment of 401(k) Liability. ECF No. 95. In this motion, Defendant seeks permission to present testimony and evidence that "he repaid all of the money that he is accused of allegedly embezzling from the Attevo 401(k) retirement plan." *Id.* at PageID #: 1006. The Court has heard argument from the parties.

The Court denies Defendant's motion.

The Sixth Circuit has held that "subsequent attempts to rectify [] fraud are irrelevant to [a defendant's] earlier intent or state of mind." *United States v. Carter*, 483 F.App'x. 70, 75 (6th Cir. 2012) (citation omitted). In *United States v. White*, 846 F.3d 170, 178 (6th Cir. 2017), the Sixth Circuit held "[t]hree other circuits join the Sixth Circuit in curtailing admission of evidence of post-accusation repayment." (collecting cases).

In this case, the Government has argued that Defendant's repayment came as part of a settlement in a civil suit that the Department of Labor brought against Defendant and others.

(1:17CR507)

*Perez v. Snyder, et al.*, No. 1:13-CV-2472-CAB (Boyko, J.). Defendant has not refuted this. This repayment, therefore, is post-accusation repayment that is inadmissible under *White*.

Defendant argues that the trial court in *White* had permitted evidence of repayments the White made and it only barred "evidence of loss-recoupment negotiations that transpired after White's plan was uncovered." *White*, 846 F.3d at 178. That trial court denied admitting the negotiations because they occurred after White faced accusations of fraud. *Id*. The Sixth Circuit held that was not an abuse of discretion. *Id*. Defendant has offered no evidence of pre-accusation repayment. This renders his situation analogous to the post-accusation negotiations in *White*. Therefore, *White's* rule on post-accusation repayment applies.

Accordingly, Defendant's motion is denied. Defendant may not present or elicit testimony or evidence that he repaid the money he is accused of embezzling.

    IT IS SO ORDERED.

| | |
|---|---|
|    May 31, 2018 |    */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |