PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 1:17CR507 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CHARLES DAVID SNYDER, | ) | |
| | ) | **MEMORANDUM OF OPINION &** |
| Defendant. | ) | **ORDER** |
| | | [Resolving ECF No. 111] |

Pending before the Court is Defendant Charles David Snyder's Motion for Judgment of Acquittal or, in the Alternative, Motion for New Trial. ECF No. 111. The Government has responded. ECF No. 114. Defendant has replied. ECF No. 115.

For the reasons that follow, the Court denies Defendant's Motion.

**I. Standard of Review**

**A. Motion for Judgment of Acquittal**

Fed. R. Crim. P. 29(a) provides, "After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." The United States Supreme Court, in *Jackson v. Virginia*, 443 U.S. 307 (1979), established the standard for challenges based on the claimed insufficiency of the evidence, holding, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational

(1:17CR507)

trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id. at 319*. "'This is a very heavy burden' for the defendant to meet." *United States v. Smith*, 749 F.3d 465, 477-76 (6th Cir. 2014) (citation omitted).

Under this standard of review, the district court "do[es] not weigh the evidence, assess the credibility of the witnesses, or substitute [its] judgment for that of the jury.'" *United States v. Paige*, 470 F.3d 603, 608 (6th Cir. 2006) (quoting *United States v. Wright*, 16 F.3d 1429, 1440 (6th Cir. 1994)). "The court assumes the truth of the evidence offered by the prosecution." *United States v. Overmyer*, 867 F.2d 937, 939 (6th Cir. 1989) (quoting *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985)). "Substantial and competent circumstantial evidence by itself may support a verdict and need not remove every reasonable hypothesis except that of guilt." *United States v. Lee*, 359 F.3d 412, 418 (6th Cir. 2004) (internal quotations omitted).

**B. Motion for a New Trial**

Fed. R. Crim. P. 33(a) provides: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." "The paradigmatic use of a Rule 33 motion is to seek a new trial on the ground that the [jury's] verdict was against the manifest weight of the evidence." *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010) (internal quotations omitted; alteration in original). Unlike when the district court is called upon to decide a motion for judgment of acquittal, the district court, when considering the weight of the evidence for purposes of adjudicating a motion for new trial, "may act as a thirteenth juror, assessing the credibility of witnesses and the weight of the evidence." *United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007).

2

(1:17CR507)

"Motions for a new trial are not favored and are granted only with great caution." *United States v. Garner*, 529 F.2d 962, 969 (6th Cir. 1976). Such motions "are granted only in the extraordinary circumstance where the evidence preponderates heavily against the verdict." *Hughes*, 505 F.3d at 593 (internal quotations omitted). A convicted defendant "bears the burden of proving that a new trial should be granted." *United States v. Davis*, 15 F.3d 526, 531 (6th Cir. 1994).

Finally, Rule 33's "interest of justice" standard also "allows the grant of a new trial where substantial legal error has occurred." *Munoz*, 605 F.3d at 373; *see United States v. Wall*, 389 F.3d 457, 474 (5th Cir. 2004) (("any error of sufficient magnitude to require reversal on appeal is an adequate ground for granting a new trial") (quoting 3 Charles Alan Wright et al., Federal Practice & Procedure § 556 (3d ed. 2004)); *United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir. 1989) (new trial may be warranted when "the substantial rights of the defendant have been jeopardized by errors or omissions during trial"). The decision of whether a new trial should be granted rests within the district court's sound discretion. *United States v. Wheaton*, 426 F. Supp. 2d 666, 669 (N.D. Ohio 2006) (citing *United States v. Hoffa*, 382 F.2d 856, 862 (6th Cir. 1967))

**II. Discussion**

In Defendant's motion, he seeks relief from his convictions on Counts 2 and 4-8. Counts 2 and 4-7 are convictions of 26 U.S.C. § 7202, Willful Failure to Collect, Account for, or Pay Over Tax. Count 8 is a conviction under 18 U.S.C. § 664, Embezzlement from Employee Benefit Plan.

(1:17CR507)

### A. Counts 2 and 4-7

Defendant contends that the Government failed to prove the willfulness requirement to convict under 26 U.S.C. § 7202. Defendant argues that Attevo intended to pay its tax obligations, but the Great Recession and IRS tax lien against Attevo prevented it from having the ability to pay. ECF No. 111 at PageID #: 1122-23.

In response, the Government argues that the jury heard sufficient evidence to conclude Defendant acted willfully. It argues that nine witnesses testified that Defendant prioritized payments to Attevo's other creditors over payments to the IRS. ECF No. 114 at PageID #: 1137. It also argues that Defendant met with four employees each quarter to decide what payments Attevo would make. *Id*. And, the Government contends that evidence of Defendant's discretionary expenditures is probative of wilfulness. *Id.* at PageID #: 1138. Finally, it asserts that Defendant's failure to comply with other tax obligations supports a finding of willfulness. *Id*.

Conviction for willful failure to collect, account for, or pay over taxes requires proof of three elements: (1) that the defendant had a duty to collect, and/or truthfully account for, and/or pay over a tax; (2) that the defendant failed to collect, or truthfully account for, and/or pay over the tax; and (3) that the defendant acted willfully. *See* 26 U.S.C. § 7202; *see also United States v. Blanchard*, 618 F.3d 562, 571 (6th Cir. 2010) (upholding trial court's decision not to instruct on a fourth element: ability to pay).

4

(1:17CR507)

The Government presented sufficient evidence for jurors to conclude that Defendant acted willfully.[1] First, making payments to other creditors instead of paying tax obligations is probative of willfulness. United States v. Lynch, 227 F.Supp.3d 421, 425-26 (W.D.Pa. 2017); see also United States v. Lord, 404 F.App'x. 773, 779 (4th Cir. 2010) ("paying wages and ... satisfying debts to creditors in lieu of remitting employment taxes to the IRS, constitute circumstantial evidence of a voluntary and deliberate violation of § 7202."). Second, evidence of discretionary expenditures also supports a finding of willfulness. Blanchard, 618 F.3d at 569-70. Finally, failure to comply with prior tax obligations is circumstantial evidence of willfulness. United States v. Daraio, 445 F.3d 253, 264 (3d Cir. 2006); see also United States v. Ausmus, 774 F.2d 722, 727-28 (6th Cir. 1985) (holding that admission of evidence of defendant's failure to pay income taxes in years prior to and following years charged in indictment was not an abuse of discretion, because failure to pay in other years showed a pattern, plan, or scheme). The government put on evidence of all three. Thus, there was evidence to support the jury's verdicts as to Counts 2 and 4-7.

In his reply brief, Defendant argues that the Great Recession and the IRS tax lien against Attevo made it impossible for Attevo to meet its tax obligation. ECF No. 115 at PageID #: 1147-51. He contends that Attevo's inability to pay meant that Defendant did not act willfully. Id. at PageID #: 1151. This argument simply rehashes Defendant's earlier argument, and still does not persuade.

---

[1] Defendant states, in a footnote, that it does not concede the other elements, but it does not make any argument as those elements.

(1:17CR507)

As a result, Defendant's motion fails as to Counts 2 and 4-7.

**B. Count 8**

As to Count 8, Defendant argues that other individuals at Attevo and Ruralogic namely Joseph Burmester and Irawati Santoso were responsible for the companies' failure to handle 401(k) withholdings properly. ECF No. 111 at PageID #: 1126. Defendant buttresses this contention by pointing to evidence that he purports shows that it was his intention to ensure the 401(k) withholdings were paid. *Id*. Defendant also argues that the Court's decision to bar evidence of repayment prejudiced Defendant. *Id*. He contends that, had that evidence come in, the jury would not have convicted Defendant on Count 8. *Id*.

In response, the Government asserts that Defendant's argument overlooks testimony showing his involvement in remittance decisions. ECF No. 114 at PageID #: 1141. Specifically, it points to (1) the fact that Defendant was the named fiduciary on the 401(k) plan and (2) Leslie Page's testimony that she would not make a remittance without Defendant's approval. *Id*. And, the Government argues that Defendant's repayment of the funds is not relevant, and therefore, evidence of post-hoc repayment was properly excluded. *Id.* at PageID #: 1141-42.

Again, Defendant's reply merely reincorporates the arguments he earlier made in his motion. *See* ECF No. 115 at PageID #: 1151.

To show a violation of § 664, the government must prove three elements: (1) that Defendant embezzled, stole, or abstracted or converted to his use or the use of another an asset of the plan, (2) that the funds were from a plan subject to ERISA (an employee welfare benefit plan or employee benefit pension plan), and (3) that Defendant acted knowingly and wilfully. *See*

6

(1:17CR507)

*United States v. Busacca*, 936 F.2d 232, 239-40 (6th Cir. 1991); *United States v. Smith*, 641 F.3d 1200, 1205 (10th Cir. 2011). In this case, the Government charged Defendant as an aider and abettor. *See* 18 U.S.C. § 2 (prescribing criminal liability for aiding and abetting). To prove aiding and abetting, the government must show that "(1) an act by a defendant that contributes to the commission of a crime; and (2) the intent to aide in the commission of the crime." *United States v. Osborne*, 886 F.3d 604, 608 (6th Cir. 2018) (quotation omitted).

The Government has offered evidence sufficient for a jury to convict Defendant on Count 8. Testimony that showed Defendant exercising control over remittances was, at the very least, enough to sustain a conviction for aiding and abetting a § 664 violation. In particular, Leslie Page's testimony that Defendant had to approve all remittance payments showed that Defendant was highly involved in retirement fund decisions. This testimony, if believed, would allow the jury to conclude that Defendant aided and abetted the decision to embezzle the retirement funds, even if others had ultimately made that decision.

Similarly, Defendant's argument as to the excluded repayment evidence also fails. The evidence was properly excluded.[2] Multiple Sixth Circuit decisions have upheld trial court's decisions to exclude evidence of after-the-fact attempts to repay fraud victims. *See United States v. White*, 846 F.3d 170, 178 (6th Cir. 2017) ("[t]hree other circuits join the Sixth Circuit in curtailing admission of evidence of post-accusation repayment"); *United States v. Carter*, 483 F.App'x. 70, 75 (6th Cir. 2012) ("[d]efendant's subsequent attempts to rectify fraud are irrelevant

---

[2] The Court previously ruled that evidence of post-accusation repayment was inadmissible (ECF No. 97). Defendant fails to provide any new authority to support his claim that the Court should have admitted the evidence

7

(1:17CR507)

to his earlier intent or state of mind, and the district court was within its broad discretion under Rule 403 to exclude that evidence.").

Therefore, Defendant's motion fails as to Count 8.

### III. Conclusion

For the foregoing reasons, Defendant's Motion for Judgment of Acquittal or, in the Alternative, Motion for New Trial (ECF No. 111) is hereby denied.

IT IS SO ORDERED.

| | |
|---|---|
| September 11, 2018 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |