IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:17CR507 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES DAVID SNYDER, | ) | GOVERNMENT'S MOTION IN LIMINE |
| | ) | TO PRECLUDE ARGUMENT THAT |
| Defendant. | ) | SNYDER PAID OVER ANY MONEY IN |
| | ) | RELATION TO COUNT 2 |

The United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Michael L. Collyer and Megan R. Miller, Assistant United States Attorneys, respectfully moves in limine to preclude Snyder from arguing that he made any payments toward the tax liability for Count 2 (the second quarter of 2010) under the judicial estoppel doctrine.

Judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Zerdner v. United States*, 547 U.S. 489, 504 (2006). The primary purpose of the judicial estoppel doctrine is "to protect the dignity of the judicial process and to prevent parties from playing fast and loose with the courts." *United States v. Owens*, 54 F.3d 271, 275 (6th Cir. 1995). To determine whether the judicial estoppel doctrine applies, the court normally considers whether: (1) a party's

later position is clearly inconsistent with its earlier position; (2) the party has succeeded in persuading a court to accept that party's earlier position; and (3) the party advancing an inconsistent position would gain an unfair advantage if allowed to proceed with the argument. *In re Commonwealth Institutional Sec.*, 394 F.3d 401, 406 (6th Cir. 2005) (citing *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001)).  These factors are neither "inflexible prerequisites" nor an "exhaustive formula" for determining whether the judicial estoppel doctrine applies. *New Hampshire*, 532 U.S. at 751.

At the first trial, Snyder argued that he fully paid the employment tax owed for the first and third quarters of 2010.  During closing argument, Snyder's counsel summarized: "But the first quarter paid. The third quarter, again, paid, to the penny."  (R. 156: Trial Trans., PageID 3628).  "So clearly with respect to Count 1, number one, the money was paid in; and number two, it was the intent of Attevo to pay them.  So Count 1 to me is not guilty.  I mean, there's no question in my mind that this was paid in."  (*Id.*, PageID 3627).  Consistent with this argument, the jury acquitted Snyder on Counts 1 and 3.

As to the second quarter of 2010 (Count 2), however, the defense tacitly acknowledged that a "deficienc[y]" existed but argued that Snyder did not *willfully* fail to pay over the amount due, as evidenced by his agreement to include the amounts owed for the second quarter of 2010 in a subsequent installment agreement:

> But my point is that the second quarter 2010 was included in the installment agreement, which was entered into by Attevo in an effort to pay back the deficiencies. So, again, with respect to that second quarter 2010, we're talking about the element of willfulness.

(*Id.*, PageID 3635, 3639).

This Court should judicially estop Snyder from reversing his position on Count 2 and arguing at his retrial that he paid over[1] toward the 2010 second quarter liability in the form of the IRS-moved payments.[2] If Snyder argues that he paid over toward the second quarter, that position will be contrary to his defense at the first trial, thus satisfying the first judicial estoppel element. His first trial argument on the first and third quarter payments resulted in his acquittal on those counts, which easily satisfies the second prong of the test regarding whether the earlier position was successful.[3] If Snyder is allowed to argue that he paid over money toward the second quarter of 2010, and the parties are not allowed to refer to the inconsistent argument raised in the first trial, this will result in a clear advantage to Snyder, thus satisfying the third element.

---

[1]    The "moved" payments still did not fully satisfy the taxes owed, though they came close. (R. 155: Trial Trans., PageID 3241) (testimony of IRS Special Agent Pizzola that even after the IRS applied the payments to the second quarter, there was still a $4,814.67 deficiency for the second quarter).

[2]    The IRS allocated payments designated for the first and third quarters of 2010 to the second quarter of 2010. As Christopher O'Hagan explained, IRS Tax Examiner Meece moved these payments to the second quarter because Attevo had not filed returns for the first and third quarters but had filed a return for the second – moving the payments to the second quarter saved Attevo money by reducing or canceling penalties and interest that accrued for the second quarter. (*See* R. 152: Trial Trans., PageID 2608-15).

[3]    While it is true that the Government argued that Attevo ratified the IRS' movement of payments designated for the first and third quarters into the second quarter, the Government also argued in the alternative that all three quarters remained fully unpaid and that payments designated for the first and third quarters were late, and thus deficient. (R. 156: Trial Trans., PageID 3597-99). In any event, the Government's ratification argument was unsuccessful as evidenced by the acquittals on Counts 1 and 3, and thus a judicial estoppel argument against the Government would fail the second prong.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court grant its Motion in Limine to prevent Defendant Snyder from arguing that he paid over any money toward his second quarter of 2010 employment tax liability. If the Court denies this motion, then the Government requests permission to rebut this argument by eliciting evidence that Snyder presented the opposite argument in the first trial and the jury acquitted him of Counts 1 and 3 and convicted him of Count 2.

                                                Respectfully submitted,

                                                JUSTIN E. HERDMAN
                                                United States Attorney

By:   /s/ Michael L. Collyer
        Michael L. Collyer (OH: 0061719)
        Megan R. Miller (OH: 0085522)
        Assistant United States Attorneys
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3744/3855
        (216) 522-7358 (facsimile)
        Michael.Collyer@usdoj.gov
        Megan.R.Miller@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this day a copy of the foregoing document was filed electronically on November 12, 2019. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                                /s/ Michael L. Collyer
                                                Michael L. Collyer
                                                Assistant U.S. Attorney